# *EXHIBIT A*

Filing # 136599023 E-Filed 10/14/2021 05:31:28 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

**AZURE COLLEGE, INC.,**
    A Florida Corporation,
    Plaintiff,                                                    Case No.:
v.

**BANK OF AMERICA CORPORATION,**
    A Delaware Corporation,
    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, AZURE COLLEGE, by and through the undersigned counsel, and hereby sues Defendant, BANK OF AMERICA CORPORATION, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding thirty thousand dollars ($30,000.00), exclusive of interest, fees, and costs, and is within the jurisdiction of this Court.

2. Venue is proper in Broward County, Florida.

3. At all times material hereto, Plaintiff, AZURE COLLEGE, INC., was located in and conducted business in Broward County, Florida.

4. At all times material hereto, Defendant, BANK OF AMERICA CORP., conducted business in Broward County, Florida.

5. The account that is the subject of this dispute was opened in Broward County, Florida.

6. Jurisdiction is additionally proper under Fla. Stat. § 685.101-102 because the parties entered a contract concerning obligations of more than $250,000 and containing a provision choosing Florida law.

1

7. The causes of action pleaded herein arose in Broward County, Florida.

8. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

## GENERAL ALLEGATIONS

9. From November 9, 2020 through November 20, 2020, six transfers totaling $259,800.00 were made from a Bank of America account belonging to Azure College. The transactions were as follows:

    a. November 9, 2020 – transfer of $29,900.00 to PISTUS HHC, LLC.

    b. November 12, 2020 – transfer of $29,900.00 to PISTUS HHC, LLC.

    c. November 13, 2020 – transfer of $50,000.00 to PISTUS HHC, LLC.

    d. November 16, 2020 – transfer of $50,000.00 to PISTUS HHC, LLC.

    e. November 17, 2020 – transfer of $50,000.00 to PISTUS HHC, LLC.

    f. November 18, 2020 – transfer of $50,000.00 to PISTUS HHC, LLC.

10. None of the transactions were authorized by Plaintiff.

11. Plaintiff notified Bank of America upon discovery of the unauthorized transactions.

12. Plaintiff notified the Broward County Sheriff's Office and filed a police report.

13. Plaintiff provided a copy of that report to Bank of America.

14. The account statement from that month states an "INDN" of "Azure University" (whereas the name on the account in question is Azure College – not "Azure University").

15. Azure College does not have any affiliation with any entity named Azure University.

## COUNT I
## BREACH OF CONTRACT

16. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-15 as if set forth fully herein.

17. There exists between the Plaintiff and Defendant a valid and enforceable contract.

18. The contract is hereby incorporated into this Count by reference.

19. The Plaintiff does not have a copy of the contract in its possession or control. The Defendant is in possession of the contract entered into between the parties.

20. The contract prohibited the Defendant from executing payment orders not effective as orders of the Plaintiff.

21. The Defendant made payment orders not effective as orders of the Plaintiff in breach of the contract.

22. The payments made by the Defendant without Plaintiff's consent or authorization constitute a material breach of the contract that exists between the parties.

23. The Plaintiff has incurred damages as a result of the Defendant's breach.

**WHEREFORE**, PLAINTIFF prays for damages, interest, and other relief, together with attorney's fees and costs, and for any other relief as may be just and appropriate.

## COUNT II
## FOR DECLARATORY JUDGMENT

24. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-15 as if set forth fully herein.

25. The Defendant accepted payment orders that were not effective as the order of the Plaintiff under § 607.202.

26. Florida Statute § 670.204 requires:

> …the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund.

3

27. Plaintiff seeks a declaration that the Defendant must refund the money paid by the bank plus interest under § 670.204.

28. Plaintiff is in doubt as to Plaintiff's powers, privileges, and rights in this matter.

**WHEREFORE**, PLAINTIFF prays for a declaration that the Defendant must issue a refund, damages, interest, and other relief, together with attorney's fees and costs, and for any other relief as may be just and appropriate.

### COUNT III, IN THE ALTERNATIVE, FOR NEGLIGENCE

29. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-15 as if set forth fully herein.

30. Plaintiff pleads this count in the alternative to Count I and Count II.

31. Defendant had a duty to the Plaintiff to exercise reasonable care regarding payment orders paid out of the Plaintiff's account.

32. Defendant had a duty to the Plaintiff to review and validate payment orders that were unusual in quantity, frequency, origination, or otherwise of a suspicious nature.

33. Defendant owed a duty to the Plaintiff to comply with Florida Statutes Chapter 670 to have and to follow a commercially reasonable security procedure, and Plaintiff is a member of the class of persons Chapter 670 was intended to protect.

34. A reasonable bank would have reviewed plaintiff's records prior to authorizing payments and/or contacted the Plaintiff to confirm the validity of the payment orders, followed a commercially reasonable security procedure, and exercised reasonable care in executing payment orders.

35. Defendant had a duty to refuse invalid payment orders pertaining to the Plaintiff's account.

36. Defendant breached one or more of the aforementioned duties by failing to exercise reasonable care in its payment of the payment orders.

37. Defendant breached one or more of the aforementioned duties by failing to contact the Plaintiff prior to its payment of the payment orders to confirm the validity of the payment orders.

38. Defendant breached one or more of the aforementioned duties by paying on a payment order against the Plaintiff's account which had not been authorized by the Plaintiff.

39. Defendant breached one or more of the aforementioned duties, and is negligent *per se*, by failing to follow a commercially reasonable security procedure.

40. Plaintiff has been proximately harmed due to Defendant's breach of one or more duties owed to the Plaintiff.

41. Plaintiff has suffered damages due to Defendant's breach of one or more duties owed to the Plaintiff.

**WHEREFORE**, PLAINTIFF prays for damages, interest, and other relief, together with attorney's fees and costs, and for any other relief as may be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable, as a matter of right.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy hereof is to be served upon defendant by a process server.

**LAW OFFICES OF KERTCH CONZE, P.A**
Attorney for the Plaintiff
3600 Red Road, Suite #402
Miramar, Florida 33025
Email: conze@conzelaw.com
Telephone:     (954) 342-9044
Fax:                (954) 342-9208
By:    /s/ Kertch Conze

      **KERTCH J. CONZE, Esq.**
      Florida Bar: 233020
      **JAMES BISHOP, Esq.**
      Florida Bar: 1027217