## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CV-62270-RAR

**AZURE COLLEGE, INC.**,

     Plaintiff,

v.

**BANK OF AMERICA, N.A.**,

     Defendant.

_____/

### <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

**THIS CAUSE** comes before the Court on Defendant Bank of America, N.A.'s Partial Motion to Dismiss the Amended Complaint [ECF No. 43], filed on December 29, 2021. Plaintiff Azure College, Inc. filed a response in opposition to the Motion ("Response") [ECF No. 47] on January 3, 2022, and Defendant filed a reply in support on January 10, 2022 [ECF No. 53] ("Reply"). The Court has reviewed the Motion, the Response, and the Reply and is otherwise fully advised. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 43] is **GRANTED**. Counts II and III of Plaintiff's First Amended Complaint ("FAC") [ECF No. 39] are **DISMISSED**.

### <u>BACKGROUND</u>

This dispute arises from a series of six transactions, amounting to $259,800, paid by Defendant from Plaintiff's account on deposit with Defendant. FAC ¶ 9. Plaintiff alleges that it did not authorize these transactions, which occurred between November 9 and 18, 2020. *Id.* ¶¶ 9–10. Upon discovering these transactions on November 20, 2020,[1] Plaintiff notified Defendant and

---

[1] The FAC says the date was November 20, 2021, which the Court assumes is a scrivener's error.

filed a police report.  *Id.* ¶¶ 11–12.  Plaintiff claims that the party identified on its bank statement listing the transactions is "Azure University" rather than "Azure College," which is Plaintiff's name on the account.  *Id.* ¶ 13.  Plaintiff has sued Defendant to recover the funds paid by Defendant in the transactions, plus interest.  *Id.* ¶ 25.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.  "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (cleaned up).

## ANALYSIS

Count I of Plaintiff's FAC claims breach of contract.  FAC ¶ 16–21.  Count II seeks a declaratory judgment that the subject transactions "were not effective" pursuant to section 670.204 of the Florida Statutes and that Defendant "must refund the money paid by the bank plus interest under § 670.204."  FAC ¶¶ 22–26.  Count III asserts an alternative claim for negligence.  FAC ¶¶ 27–39.  Defendant moves to dismiss only Counts II and III.  Plaintiff has abandoned Count III, *see* Resp. at 5, which is hereby dismissed without further comment.  Defendant argues that Count II is

redundant given Plaintiff's breach of contract claim—and thus barred by the existence of an adequate remedy at law.  *See* Mot. at 2–3.

The Court has "exceptionally broad discretion in deciding whether to issue a declaratory judgment."  *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014).  "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, (1995).

Courts generally decline to entertain a declaratory judgment count where it would serve no useful purpose because the issues will be resolved by another claim.  *See, e.g., Brodsky v. USAA Gen. Indem. Co.*, No. 19-62860, 2020 WL 231189, at *2 (S.D. Fla. Jan. 15, 2020) ("If the determination of the plaintiff's breach of contract claim involves the same factual dispute as the declaratory judgment claim, then the Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim and consequently the declaratory action must be dismissed.") (cleaned up); *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, 416 F. Supp. 3d 1369, 1376 (S.D. Fla. 2019) ("Where . . . the declaratory judgment count would serve no useful purpose because the issues will be resolved by another claim, courts generally decline to entertain the declaratory judgment count.") (citations omitted); *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947, 2016 WL 4574919, at *5 (S.D. Fla. Sept. 1, 2016) ("By requesting a declaration with respect to the losses, costs, or expenses incurred as a result of the subject loss[,] . . . Plaintiffs are effectively seeking a judgment concerning the amount of damages—relief *already* fully accessible to Plaintiffs under their breach-of-contract claim.") (cleaned up) (alteration in original).

"In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)).  The parties do not dispute that there is a valid and enforceable contract governing Plaintiff's account.  *See* FAC ¶ 17 ("There existed between the Plaintiff and Defendant a valid and enforceable contract . . . .").  Accordingly, there is an adequate remedy at law available to Plaintiff as to the subject transactions, so Count II serves no useful purpose. *See Cent. Magnetic Imaging*, 789 F. Supp. 2d at 1318 (dismissing plaintiff's claim for declaratory relief because "there [was] an adequate legal remedy—damages for breach of contract").

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 43] is **GRANTED**. Counts II and III of Plaintiff's FAC [ECF No. 39] are **DISMISSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**